133 A.3d 292

**PENNSYLVANIA STATE POLICE, Petitioner**

v.

**Michelle GROVE, Respondent.**

Supreme Court of Pennsylvania.

March 15, 2016.

## ORDER

PER CURIAM.

**AND NOW,** this 15th day of March, 2016, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by Petitioner, are:

(1) Is a video, created as a result of a Pennsylvania State Trooper initiating a criminal investigation, exempt from disclosure under Section 708(b)(16) of the Right–to–Know Law?

(2) Is a video, created as a result of a Pennsylvania State Trooper initiating a criminal investigation, exempt from disclosure under the Criminal History Records Information Act?

(3) Is a video depicting troopers at a crash scene in which citations were issued "speaking with the operators of the vehicles," "observing the crash scene and the damage to the vehicles," and "directing the operator of the truck involved in the accident to move his vehicle to a safer area," considered investigative materials pursuant to Section 708(b)(16) of the Right–to–Know Law?

(4) Is a video depicting troopers at a crash scene in which citations were issued "speaking with the operators of the vehicles," "observing the crash scene and the damage to the vehicles," and "directing the operator of the truck involved in the accident to move his vehicle to a safer area," considered investigative information pursuant to the Criminal History Records Information Act?

(5) Do provisions of the Wiretapping and Electronic Surveillance Act apply to the audio component of mobile vehicle recordings?

(6) Should this case be remanded for further factual findings to determine whether modifying a mobile vehicle recording, as required by the Commonwealth Court, essentially creates a record in violation of Section 705 of the Right–to–Know Law?

Justice EAKIN did not participate in the consideration or decision of this matter.